114 February 11, 2026 No. 93

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. R. O.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

C. R. O.,
*Appellant.*

Marion County Circuit Court
24CC03384; A184746

Drew P. Taylor, Judge pro tempore.

Submitted May 20, 2025.

Liza Langford filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Appellant appeals from a judgment finding that he has a mental disorder that caused him to be dangerous to others and involuntarily committing him to the Oregon Health Authority (OHA) for a period not to exceed 180 days. In his sole assignment of error, appellant makes two arguments that he should not have been committed. First, appellant contends that there was insufficient evidence to show that he was a danger to others. Second, he argues that the state failed to show a sufficient nexus between appellant's mental illness and the threats that he had made. We conclude that the trial court did not err because the evidence in the record, in the light most favorable to the trial court's decision, shows that appellant has schizophrenia, a history of not taking his prescribed medication, and that appellant has made death threats and engaged in physical violence against his parents when unmedicated.

We review a trial court's decision to involuntarily commit a person to OHA for legal error. *State v. E. D.*, 264 Or App 71, 72, 331 P3d 1032 (2014). "We review by viewing the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019) (internal punctuation omitted). In this way, "the evidence must supply a concrete and particularized 'foundation for a prediction of future dangerousness' absent commitment." *Id.* (citing *State v. S. R. J.*, 281 Or App 741, 754-55, 386 P3d 99 (2016)).

The trial court has the authority to commit a person to the OHA if the court determines by clear and convincing evidence that the person has a mental illness and is in need of treatment. ORS 426.130(2)(a)(C) (2025), *amended by* Or Laws 2025, ch 559, § 5.[1] One of the definitions of a "person with mental illness" means "a person who, because

---

[1] The legislature overhauled the statutes that provide for civil commitment in 2025, and the changes became effective on January 1, 2026. Or Laws 2025, ch 559, §§ 1-68. We refer in this opinion to the statutes that applied at the time of the events of this case.

of a mental disorder, is "dangerous to \*\*\* others." ORS 426.005(1)(f)(A) (2019), *amended by* Or Laws 2025, ch 559, § 2. Someone is dangerous to others if they are "highly likely to engage in future violence toward others, absent commitment." *S. E. R.*, 297 Or App at 122. If a person with a mental disorder "has threatened and has committed overt violent acts against others in the past, the clear and convincing evidence standard is met." *State v. J. K.*, 177 Or App 373, 377, 34 P3d 739 (2001). When evidence of past violence is relevant, it "must provide a foundation to predict future dangerousness, not merely describe past isolated incidents." *State v. T. M.*, 296 Or App 703, 709-10, 437 P3d 1197 (2019) (internal quotation marks omitted). "A single act of violence is sufficient to establish danger to others only if it provides that foundation and there is no indication that such violence is an isolated occurrence." *Id*. (internal quotation marks omitted).

Appellant does not dispute that he has a schizophrenia diagnosis or that he is a person with a mental disorder. The evidence of appellant's danger to others and the connection between his mental disorder and the dangerousness is as follows.

This was appellant's third incident[2] of physical violence and threats of violence against his parents after going off of his medication. In the incident that gave rise to the commitment before us, appellant had stopped taking his medication and threatened to get a gun and shoot and kill his mother. Appellant was experiencing houselessness at the time. His parents did not know whether he had access to a firearm, which made them concerned that he might be able to carry out the threat. The record establishes that appellant had shown some improvement in the controlled environment of the hospital and outside the presence of his parents. But it also shows that he refused to take medication during his hospitalization and said he still would not take medication after his release.

In the light most favorable to trial court's decision to commit appellant and considering appellant's non-isolated

---

[2] On two separate occasions after appellant stopped taking his medication in 2015 and 2019, respectively, he threatened to kill his parents, and he hit his father in the face with a closed fist.

actions to commit and threaten violence against his parents, we conclude that the record supports the trial court's finding that appellant was a danger to others and that the danger he presented to others was sufficiently connected to when appellant does not take his medication to manage his schizophrenia.

Affirmed.